UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

Civil Action No. 1:04CV00010

GARDENDANCE, INC. )
437 Dimmocks Mill Rd )
Hillsborough, NC 27278 )
 )
      Plaintiff )
 )
v. ) **FIRST AMENDED COMPLAINT;**
 )
WOODSTOCK COPPERWORKS, LTD. )
1450 Hinckley Hills Rd. )
Hinckley, OH 44233 )
 ) **JURY TRIAL DEMANDED**
      and )
 )
The Royal Gardens of Charlotte, Inc. )
1101 Belgrave Place )
Charlotte NC 28203 )
 )
      and )
 )
Todd Wolgamuth )
 )
      Defendants )

## I.

### Nature of the Case

1. This is a case for copyright infringement, trade dress infringement and unfair competition.

## II.

### Parties

2. Plaintiff Gardendance, Inc. is a North Carolina corporation.

3. Defendant Woodstock Copperworks, Ltd. is an Ohio corporation actively engaged in

1

business in the state of North Carolina, and in the Middle District of North Carolina.

4. Defendant The Royal Gardens of Charlotte, Inc. is a North Carolina corporation.

5. Todd Wolgamuth is a resident of the State of New York. Mr. Wolgamuth conducts business in the Middle District of North Carolina, seeking sales and making sales for Woodstock Copperworks, Ltd. products in the Middle District of North Carolina and he has visited the Middle District of North Carolina on several occasions during the past three years for these purposes.

## III.

### Jurisdiction

6. Jurisdiction is conferred on this court by 28 U.S.C. §§ 1331 (federal question) and 1338 (copyrights, patents and trademarks).

## IV.

### Factual Allegations

7. Plaintiff copyrighted its Copper Tiki Torch on March 3, 1999, U.S. Copyright Registration No. VA 967-403.

8. Woodstock Copperworks, Ltd., has copied and is selling commercially a torch design that is virtually identical and/or substantially similar to plaintiff's copyrighted torch.

9. Todd Wolgamuth, on behalf of Woodstock Copperworks, Ltd., has visited numerous trade shows attempting to sell, and actually taking deposits and sales for copper torches identical to plaintiff's copyrighted torch. Woodstock Copperworks, Ltd maintains an Internet site to sell copper torches in North Carolina and nationally. Woodstock Copperworks, Ltd. supplies copper torches to other online retailers who sell copper torches in North Carolina and nationally

10. Woodstock Copperworks, Ltd. has knowingly copied plaintiff's torch design for the purpose of diverting sales and profits from Gardendance to Woodstock Copperworks, Ltd.

11. Gardendance, Inc. copper torches have been and continue to be marked with the notation "Copyright Gardendance, Inc. All rights reserved."

12. Plaintiff is well-known nationwide for the look, feel and design of its Copper Tiki Torches.

13. Plaintiff's torches have acquired secondary meaning.

14. Defendants and their agents copied plaintiff's torches and have been selling them throughout the United States.

15. Defendant Woodstock Copperworks, Ltd. copied the look and feel, shape and design of plaintiff's Copper Tiki Torches.

16. As a result of quality work, long experience and skill in creating and marketing the plaintiff's copper torches, plaintiff acquired a reputation of excellent quality and is recognized for its high-quality products. Plaintiff commanded and still commands, an extensive sale of these items, that is and has been a source of profits to it.

17. Plaintiff has established trade dress rights to its Copper Tiki Torches.

## V.

### First Cause of Action: Copyright Infringement

18. Plaintiff incorporates by reference paragraphs one through 16, inclusive.

19. Plaintiff filed a copyright in the United States Copyright Office on or about January 1, 1999 and obtained a copyright from the U.S. Copyright Office.

20. Defendant The Royal Gardens of Charlotte, Inc. has knowingly been selling the Woodstock torches in North Carolina in violation of the copyright laws, by copying the plaintiff's original artistic expression and distributing a product that is substantially similar.

21. Defendants intentionally infringed the copyright of plaintiff's U.S. Copyright Registration No. VA 967-403.

## VI.

### Second Cause of Action: Trade Dress Infringement

22. Plaintiff incorporates by reference paragraphs one through 21, inclusive.

23. Plaintiff has developed a reputation in the industry for the distinctive look, feel and design of its copper torches.

24. Defendants have infringed on plaintiff's trade dress in violation of the Lanham Act by copying the look and feel and design of copper torches with a trade dress that is confusingly similar.

25. Consumers and retail stores confuse the plaintiff's Copper Tiki Torches with Woodstock Copperworks, Ltd. torches.

26. This confusion has caused substantial harm to plaintiff in terms of lost sales and diminished reputation for quality.

## VII.

### Third Cause of Action: Unfair Competition

27. Plaintiff incorporates by reference paragraphs one through 26 inclusive.

28. Without the consent or approval of plaintiff, defendant Woodstock Copperworks, Ltd. has wrongfully misappropriated, sold and distributed unauthorized duplications of plaintiff's Copper Tiki Torches..

29. Defendants' copies are inferior to plaintiff's in craftsmanship and appearance, but have virtually identical shapes, materials and designs as plaintiff's designs.

30. Stores selling plaintiff's designs, and consumers buying plaintiff's design have been confused by defendant Woodstock Copperworks, Ltd. products, believing that the plaintiff was the source of the unauthorized copies.

31. As a direct and proximate result of this unauthorized copying, plaintiff has suffered

4

injury to their reputation and a loss of income.

## VIII.

## Fifth Cause of Action: Intentional Interference with Business Relations

32. Plaintiffs incorporate by reference paragraphs one through 31, inclusive.

33. Todd Wolgamuth, an officer of Woodstock Copperworks, Ltd., intentionally interfered with contractual relations of plaintiff with the Atlanta trade show and its customers at the Atlanta trade show.

34. These events took place at the Atlanta International Gift and Home Furnishings Market, in Atlanta, Georgia around the time period of July 6th –15th, 2004. This show is operated by the Merchandise Mart.

35. Gardendance Inc has exhibited in its permanent showroom on the 15th floor of the Atlanta International Gift and Home Furnishing Market trade show since its inception.

36. Gardendance was invited to participate in a shared showroom vignette at the Gardens featuring products Made in The USA.

37. Representatives of the Merchandise Mart approached Gardendance Inc. seeking products for this display. The inducement for justifying the added cost of shipping additional merchandise for this showroom was that it would be a marketing opportunity that would increase sales by the added exposure. Gardendance Inc. selected products for the display, which was set up by merchandise mart management.

38. After the showrooms opened, Todd Wolgamuth spoke with two managers at the Merchandise Mart requesting that the Gardendance products be removed from the display.

5

39. At the Atlanta show Todd Wolgamuth made disparaging comments about Gardendance Inc., falsely stating that its products were inferior to Woodstock's products, and insisted that the Gardendance products be removed from the public exhibit.

40. In an effort to appease Mr. Wolgamuth, Mr. Jimmy Schneid of the Merchandise Mart agreed to move the Gardendance products to a less prominent location.

41. Todd Wolgamuth's personal actions adversely affected Gardendance sales by reducing the exposure of Gardendance products from this trade show.

42. Todd Wolgamuth succeeded in these efforts and these actions reduced the effectiveness of the Gardendance display and Gardendance suffered from reduced exposure and subsequent revenue from loss of sales.

43. The actions of Todd Wolgamuth constitute the tort of intentional interference with contractual relations.

44. Gardendance was injured as a result of Mr. Wolgamuth's tortuous activities.

45. Woodstock Copperworks, Ltd. is liable for the tortuous actions of Mr. Wolgamuth because he was acting on behalf of the corporation and the corporation is liable under the principles of respondeat superior.

## IX.

### Sixth Cause of Action: Libel

46. Plaintiff incorporates by reference paragraphs one through 45, inclusive.

46. Todd Wolgamuth falsely stated that Gardendance products were inferior to Woodstock products and falsely stated that Gardendance violated Woodstock's intellectual property rights.

47. Woodstock Copperworks, Ltd. is liable for the tortuous actions of Mr. Wolgamuth because he was acting on behalf of the corporation and the corporation is liable under the principles of respondeat superior.

## X.

### Request for Relief

WHEREFORE, plaintiff requests that this court order defendants to:

A. Cease and desist from making, selling and distributing copies of plaintiff's copper tiki torches;

B. Notify all people who purchased these items, ordering an immediate recall at defendants' expense;

C. Deliver to plaintiff all inventory, models, molds and unfinished pieces;

D. Pay plaintiff compensation in the amount of three million dollars ($3,000,000.00) for actual damages;

E. Pay plaintiff a total of nine million dollars ($9,000,000.00) as punitive damages;

F. Pay plaintiff's attorneys fees and costs; and

G. Take such other action as the Court deems just and proper.

DONALD P. EGGLESTON
RIGHTSELL EGGLESTON LLP
305 Blandwood Avenue
Suite 100
Greensboro, NC 27401
(336) 272-2501
Fax (336) 272-2912

JOEL D. JOSEPH
7272 Wisconsin Avenue
Suite 300
Bethesda, Maryland 20814
(301) 941-1989
Fax (240) 209-4000

## JURY DEMAND

Plaintiff demands a trial by jury.

*[signature]*
DONALD P. EGGLESTON

CERTIFICATE OF SERVICE

The undersigned attorney for the Plaintiffs does hereby certify that he did this day serve a copy of the foregoing First Amended Complaint upon the parties by placing a copy of same in the United State Mail, postage prepaid for first class delivery and addressed as follows:

John. A. Lockett, Esq.  
McGuireWoods LLP  
100 N. Tryon St., Ste 2900  
Charlotte, NC 28202-4011  

Luke Anderson, Esq.  
McGuireWoods, LLP  
1120 Peachtree St. N.E., Ste. 2100  
Atlanta, GA 30309

This the 19th day of April, 2005.

Donald P. Eggleston