IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| GARDENDANCE, INC., | ) |
| Plaintiff, | ) |
| v. | ) |
| WOODSTOCK COPPERWORKS, LTD, and THE ROYAL GARDENS OF CHARLOTTE, INC. | ) |
| Defendants, | ) 1:04CV10 |
| WOODSTOCK COPPERWORKS, LTD, | ) |
| Counterclaimant, | ) |
| v. | ) |
| GARDENDANCE, INC., MR. MARK DONLEY, MRS. LISA JORDY, AND MR. JOEL JOSEPH, | ) |
| Counterclaim Defendants. | ) |

**ORDER & RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This matter is before the court on several motions. Rather than identify the motions in this preamble, the court will identify the motions below as each motion is addressed in the order it was filed.

<u>Woodstock Copperworks, Ltd.'s (Woodstock) Motion for Sanctions</u> (docket no. 70)

This motion seeks an order from the court imposing sanctions for the failure of Gardendance, Inc., Mark Donley, Lisa Jordy, and Joel Joseph (hereafter simply the Gardendance parties) to appear for their properly noticed depositions. The

papers submitted in support of the motion show that Woodstock intended to take the depositions of the Gardendance parties on March 21, 2005, and that the Gardendance parties had noticed the deposition of Woodstock for the same date. Woodstock appeared for the purpose of taking depositions and to be deposed, but the Gardendance parties did not appear.

The motion is unopposed and it will be considered and decided as an uncontested motion. *See* LR7.3 (k) (noting that ordinarily uncontested motions will be granted without further notice). The motion will be granted.

<u>Woodstock's Motion For Civil Contempt</u> (docket no. 77)

This motion seeks an order of the court finding the individual counterclaim Defendants Donley, Jordy, and Joseph in contempt. Supporting papers filed with the motion show that a March 8, 2005, order of this court required these counterclaim Defendants to respond to discovery no later than March 25. That time has long-since passed and no responses have been served. In passing, this court notes, as does Woodstock, that the counterclaim Defendants filed both a motion for a protective order (docket no. 44) and a motion for reconsideration (docket no. 54) as to the March 8 order. Both motions were summarily denied in a May 17 order wherein this court noted "that movants had waived objections to discovery [and now they] seek relief from that order without . . . addressing their initial waivers which led to the entry of the order in the first place."

2

This motion, like the one addressed immediately above, is unopposed and it will be considered and decided as an uncontested motion. *See* LR7.3 (k) (noting that ordinarily uncontested motions will be granted without further notice). While this court agrees that the conduct of the Gardendance parties is sanctionable, this will court will recommend below what it believes is the appropriate sanction other than contempt.[1]

Plaintiff's Motion For An Extension Of Time And For Leave To File An Extended Brief (docket no. 90)

By this motion, Plaintiff Gardendance seeks a one-week extension of time and leave to file a 20 page extended brief in response to Woodstock's motion for summary judgment. Gardendance says that the extension of time and an extended brief are needed, in part, because "issues of intellectual property infringement, both patent and copyright, are complex . . . and more time is needed for inclusion of Defendant's long history of acts evidencing infringement and wilfulness."

---

[1] Even under the expanded contempt powers granted by the Federal Courts Improvement Act of 2000 ("FCIA"), a magistrate judge does not hold direct contempt authority over parties who have not consented to the magistrate judge's jurisdiction. *See* 28 U.S.C. §636(e) (2004). *See also Stotts v. Quinlan*, 139 F.R.D. 321, 323-24 (E.D.N.C. 1991). Nevertheless, "[i]n any case proceeding under § 636(a) or (b), not requiring consent, a magistrate can certify the facts to a district judge for criminal or civil contempt." 3A CHARLES ALAN WRIGHT, NANCY J. KING & SUSAN R. KLEIN, FEDERAL PRACTICE AND PROCEDURE § 716, pp. 530-31 (3d ed. 2004); *see* 28 U.S.C. § 636(e)(6)(B). Of course, certification is not necessary here since any contempt imposed by the district court would be pursuant to the federal rules, and not by reason of conduct occurring before the magistrate judge. Moreover, as noted, this motion is unopposed, the court therefore accepts Woodstock's recitation of events without challenge, and for this additional reason, even if contempt were appropriate, certification is unnecessary.

Woodstock has responded in opposition to the motion. Woodstock argues that Gardendance had a six-month discovery period in which to assemble evidence and exhibits, and it failed to do so. Moreover, Woodstock points out that there are no patent and copyright issues in its summary judgment motion, contrary to Gardendance's contention.

This court agrees with Woodstock's position and the motion for more time and for extended briefing will be denied.

Woodstock's Request For Sanction (docket no. 91)

This paper is filed in response to the order of May 17, 2005, referred to above. The order invited Woodstock to submit its claim for a fee and expense award for the failure of the counterclaim Defendants to attend depositions noticed for February 15, 2005.[2]

All the Gardendance parties have filed their objections in response to the amount claimed, and Woodstock has filed its reply to the response. The court has carefully considered the papers filed by these parties regarding the claim for a fee and expense award and it has determined that Woodstock has the better of the argument. Specifically, Woodstock has explained the reason that John Lockett was present in Greensboro for the depositions, the reason for Mr. Lockett's unusual travel time for the return trip to Atlanta, the necessity for Mr. Lockett's preparation

---

[2] This was the first round of depositions that the counterclaim Defendants failed to attend. As noted in this order, they also failed to attend a second round of depositions noticed for March 21.

4

for depositions which turned out to be "no-show" depositions, the reason for transcript expenses for the "no-show" depositions, etc.

In short, Woodstock will be awarded sanctions in the total amount of $8,909.79 (*see* Amended Declaration, etc., p. 5 (docket no. 103)).[3]

Motion For A Two-Week Extension To Reply To Both Woodstock Copperworks' And Todd Wolgamuth's Motions To Dismiss (docket no. 96)

This motion seeks an additional two-week extension to respond to motions to dismiss filed by Woodstock and Wolgamuth. In opposition to the motion, Woodstock correctly points out that the motion is 10 days late (that is to say, the motions to dismiss were filed and served on May 12, 2005, making responses due on June 6,[4] no responses were filed by that date, but this motion for an extension to respond was file on June 16, 10 days after motion responses were due). For this reason, this motion will be denied as untimely.[5]

---

[3] It is clear that the court may award attorneys' fees to Woodstock for the time spent formulating the fee request. *See Trimper v. City of Norfolk, Va.*, 846 F. Supp. 1295, 1308 (E.D. Va. 1994).

[4] Allowing 20 days response time and 3 days for mailing, the responses were due on June 4, but that date fell on Saturday making the responses due the following Monday, June 6.

[5] By now, Gardendance has filed its responses to the motions to dismiss (docket nos. 105 & 106). These responses are untimely, they were filed without leave of court, leave has now been denied, and the responses are HEREBY STRICKEN. *See* LR7.3 (k) (failure to timely file a response "within the time specified in this rule *shall* constitute a waiver of the right thereafter to file" a response, except for excusable neglect) (emphasis added).

5

Motions To Dismiss by Todd Wolgamuth (docket no. 80) and by Woodstock (docket no. 83)

These motions are addressed to Gardendance's first amended complaint. In summary, the motions show that Judge Osteen allowed Gardendance 20 days from the entry of his order on March 29, 2005, to file an amended complaint. As to both Wolgamuth and Woodstock, Gardendance filed its amended complaint on April 19, 2005, 21 days after the entry of Judge Osteen's order. Citing to persuasive authority, Woodstock contends that the filing of the amended complaint is untimely. Having carefully reviewed that authority, *see* Brief In Supp. of Mot. Dism., p. 4 (docket no. 81) & Brief In Supp. of Partial Mot. Dism., p. 3 (docket no. 84)(both citing treatise and case authority for proposition that Rule 6 (e) treats *entry* of an order differently from *service* of a notice or other paper for counting purposes) this court agrees.[6] Since the responses to the motions to dismiss have themselves been stricken as untimely, the motions to dismiss are unopposed; therefore, by operation of this court's local rules, and for the reason that the amended complaint is untimely, the motions to dismiss should be granted.

The court has addressed all the motions which were subject to referral. Nevertheless, from its review of these latest filings addressed herein and its knowledge of the case leading up the entry of orders on March 8 and May 17, this

---

[6] The court notes that Gardendance's responses to the motions to dismiss have been stricken as untimely. *See* n. 5 above.

6

Case 1:04-cv-00010-WLO   Document 109   Filed 07/11/05   Page 6 of 11

court is constrained to offer the observations which follow. First, it appears that the Gardendance parties, including counterclaim Defendant Joel Joseph, who is himself the lead attorney for the Gardendance parties, have been obstreperous in their dealings with Woodstock's counsel and have ignored their obligations to this court. For example, with regard to dealings with Woodstock's counsel, as is evident from some of the motions addressed in this writing, the Gardendance parties have not responded to correspondence aimed at determining mutually convenient dates for depositions. Even when dates for those depositions were set, the Gardendance parties not only failed to appear for their own depositions, but also they did not appear to conduct a deposition of Woodstock which they themselves had noticed.[7] With regard to their obligations to this court, again as is evident from some of the motions addressed in this writing, they have failed to respond to motions, and even when they did respond, some of their responses were untimely. Second, in the March 8 order of this court requiring them to respond to discovery without objections because objections were waived, they not only failed to timely comply with the order, but also they filed two motions seeking relief from the order, one a motion for a protective order and two a motion for reconsideration, neither of which addressed their underlying conduct which led to the waiver of their objections in the first place. Moreover, apparently flaunting their refusal to timely comply with the order, they did

---

[7] As noted, this is not the first instance of the Gardendance parties not appearing for depositions.

7

not seek a stay of the deadline requiring them to turn over discovery. Third, they have obtained an order from Judge Osteen allowing them to amend their complaint, but then they failed to timely file their amended complaint. Fourth, they have failed to timely respond to Woodstock's motions to dismiss the amended complaint. Notwithstanding this failure, they filed a motion out-of-time for an extension of time to respond to the motion to dismiss, and they suggested in the out-of-time motion that another attorney had been engaged by them to assist in the case yet that attorney has not entered an appearance even at this late stage. And this recapitulation does not recount their earlier failures to cooperatively participate in discovery, some of which led to the March 8 order in the first place.

Having said all that, it remains to determine the next step which is appropriate considering all these circumstances. Of course, the district court could impose sanctions under Rule 37, and Woodstock has asked for the sanction of contempt. *See* FED. R. CIV. P. 37 (b)(2)(D). Nevertheless, the request for the contempt sanction relates only to the failure of the Gardendance parties to comply with this court's March 8 order compelling discovery. As has been shown above, however, the conduct of the Gardendance parties has been much more egregious than simply disobeying an order compelling discovery. They have been derelict in dealing with opposing counsel and they have ignored their professional obligations to the court. Moreover, their conduct has necessitated that this court and opposing counsel expend extraordinary (and scarce) judicial resources which should have been

8

devoted to other matters. Therefore, rather than imposing sanctions under Rule 37, because of the continuous and cumulative nature of the obstructive conduct of the Gardendance parties, it will be recommended that the district court dismiss their complaint pursuant to the court's authority under Rule 41 (b). *See Porter v. Guarino*, 223 F.R.D. 282 (M.D.N.C. 2004).

This recommendation for dismissal is not lightly invoked. This court is aware that the Fourth Circuit has instructed district courts to consider a range of matters before dismissing a case under Rule 41. *See id.* (citing *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989)). In the alternative, the court of appeals has suggested that a warning of dismissal might suffice in place of considering those matters. *Ballard*, 882 F.2d at 95-96. Here, there has been no warning. Nevertheless, even though the court of appeals has said the application of the *Ballard* factors is not "a rigid four-prong test," 882 F.2d at 95, this court believes that those factors are satisfied here. First, it cannot be gainsaid that the Gardendance parties, including their own attorney who himself is a party, bear personal responsibility for their contumacious conduct. Second, Woodstock has undoubtedly suffered prejudice from being unable to take depositions despite numerous attempts at scheduling them and from the fact that the Gardendance parties have failed on two occasions to attend their properly noticed depositions. Moreover, in this same vein, the Gardendance parties have still failed to turn over discovery despite an order of this court that they do so no later than March 28. Third, the history of the Gardendance parties throughout the entire

9

pretrial period has been characterized by dilatoriness, if not downright mulishness. And during this same time, they have ignored their professional responsibilities to this court. Merely to cite a few examples, they have obtained an order of the court permitting them to file an amended complaint, yet they filed their amended pleading untimely according the federal rules and the order of the court. They were untimely in responding to Woodstock's motions to dismiss that amended pleading, and were even untimely in seeking an order of the court permitting them to file an out-of-time response. And, not to belabor the point but they have refused to obey an order that they turn over discovery. Last of all, as the court of appeals has noted, the district courts "must have the authority to control litigation before them," *Ballard*, 882 F.2d at 95, and to be sure, a potent arrow in that quiver is deterrence. Any less drastic sanction than a dismissal here will be seen as leaving the door to slovenliness ajar not only to these Gardendance parties, but also to others who look upon their conduct.

Accordingly, in accordance with the foregoing, IT IS ORDERED that the Gardendance parties pay directly to Woodstock's counsel the sum of $8,909.79. The Gardendance parties must each pay equal shares of the fee and expense award, and the amount is to be paid in full by the date set for a hearing in Greensboro, July 22, 2005. Thus, the motion for a sanction (docket no. 91) is GRANTED. FURTHERMORE, Plaintiff Gardendance's motion for an extension of time and to file an extended brief (docket no. 90) is DENIED. FURTHERMORE, the

motion for a two-week extension, etc. (docket no. 96) is DENIED, and in this connection, Gardendance's responses (docket nos. 105 &106) to the motions to dismiss the amended complaint are STRICKEN. FURTHERMORE, IT IS RECOMMENDED that the motions of Woodstock and Wolgamuth to dismiss Gardendance's amended complaint (docket nos. 80 & 83) be GRANTED on the ground that the amended complaint is filed untimely in violation of the order of this court and the federal rules. FURTHERMORE, IT IS RECOMMENDED that the court GRANT Woodstock's motions for sanctions and for contempt (docket nos. 70 & 77), but that rather than imposing the sanction of contempt for the failure to comply with the March 8 order and some other sanction for the failure of the Gardendance parties to attend their own depositions and to attend the deposition they noticed for Woodstock for March 21, the district court exercise its authority under Rule 41 (b) and DISMISS Plaintiff Gardendance's complaint.

_____
Wallace W. Dixon
United States Magistrate Judge

July 11, 2005