IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

GARDENDANCE, INC., )
 )
    Plaintiff, )
 )
    v. ) 1:04CV00010
 )
WOODSTOCK COPPERWORKS, LTD. and )
THE ROYAL GARDENS OF CHARLOTTE, )
INC., )
 )
    Defendants. )

MEMORANDUM OPINION and ORDER

OSTEEN, District Judge

    Pending before this court is Defendant Woodstock Copperworks Ltd.'s motion for attorney's fees. Defendant seeks attorney's fees for costs incurred from the time Plaintiff Gardendance, Inc. filed its copyright and trade dress claims until this court dismissed those claims with prejudice. While the entire history of this case need not be repeated, an apt and brief description of Plaintiff's pretrial conduct is "dilatory and mulish." Gardendance, Inc. v. Woodstock Copperworks, Ltd., 230 F.R.D. 438, 452 (M.D.N.C. 2005). Defendant moves for attorney's fees under 17 U.S.C. § 505 and 15 U.S.C. § 1117(a).[1]

---

[1] Defendant moved under N.C. General Statute section 75-16.1 and 28 U.S.C. § 1927 as well. The court finds, without comment, those provisions inapplicable to these facts.

Under 17 U.S.C. § 505, a court can award a prevailing party reasonable attorney's fees in a copyright action.[2]  Any number of factors can guide the court in exercising its discretion under § 505, including (1) the filing party's motivation, (2) the objective reasonableness of legal and factual positions, (3) how much the prevailing party should be compensated for its work or the nonprevailing party should be deterred from its actions, and (4) any other factor that the court finds relevant.  <u>Rosciszewski v. Arete Assocs., Inc.</u>, 1 F.3d 225, 234 (4th Cir. 1993).  No particular factor is required.  <u>See</u> <u>id.</u>  Thus, for Defendant to merit fees under § 505, (1) it must be the prevailing party, (2) the factors above must support the court's discretionary award, and (3) the award must be reasonable.

Under 15 U.S.C. § 1117(a), "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party."  In enacting this statute, "Congress intended to authorize fees for defendants subjected to 'harassment' by trademark owners."  <u>Noxell Corp. v. Firehouse No. 1 Bar-B-Que Rest.</u>, 771 F.2d 521, 525 (D.C. Cir. 1985).  Thus, the section can provide some reimbursement for fees incurred by "suits brought by trademark

---

[2]Section 505 provides that

[i]n any civil action under this title, the court in its discretion may allow the recovery of full costs by or against any party other than the United States or an officer thereof.  Except as otherwise provided by this title, the court may also award a reasonable attorney's fee to the prevailing party as part of the costs.

17 U.S.C. § 505.

owners for harassment and the like." Scotch Whisky Ass'n v. Majestic Distilling Co., 958 F.2d 594, 600 (4th Cir. 1992) (quoting S. Rep. No. 93-1400 (1974), reprinted in 1974 U.S.C.C.A.N. 7132, 7136). Under § 1117(a), a court can award (1) reasonable fees (2) to the prevailing party (3) in an exceptional case.

Defendant is the prevailing party. A party prevails when a "court-ordered 'chang[e] [in] the legal relationship between [the plaintiff] and the defendant'" is entered in the defendant's favor. Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of Health & Human Res., 532 U.S. 598, 604, 121 S. Ct. 1835, 1840 (2001) (alterations in original) (quoting Texas State Teachers Ass'n v. Garland Indep. Sch. Dist., 489 U.S. 782, 792, 109 S. Ct. 1486, 1493 (1989)). As this court ordered dismissal with prejudice as a sanction, the court changed the legal relationship between Defendant and Plaintiff because Plaintiff cannot bring these claims against Defendant again.

Applying the factors for § 505 supports awarding attorney's fees, and the case is exceptional under § 1117(a). The court does not find that Plaintiff initially brought this copyright action in bad faith or without reasonable legal and factual positions. Defendant argues that another court rendered Plaintiff's copyright invalid, see Smith & Hawken, Ltd. v. Gardendance, Inc., No. C04-1664 SBA, 2005 WL 1806369 (N.D. Cal. July 28, 2005), and thus, the copyright invalidity shows Plaintiff brought the action in bad faith. The copyright became

3

invalid well into the current litigation, and for that reason, its invalidity does not show Plaintiff brought this action in bad faith.

However, "[w]hat may have begun as a typical garden party lawsuit has devolved into a bacchanalia of discord and irresponsibility." <u>Gardendance</u>, 230 F.R.D. at 451. The court finds that because of Plaintiff's pretrial conduct, <u>see</u> <u>id.</u> at 441-45 (describing Plaintiff's egregious conduct), Defendants should be compensated for time and energy spent in this matter, and Plaintiff's pretrial conduct should be deterred. The pretrial conduct's quantity and quality were so egregious that they warrant an award of fees for the copyright claim. Moreover, such conduct certainly creates an "exceptional case" under § 1117(a).

Finally, a reasonable fee is half of the amount that Defendant requests. In judging reasonableness, the court should consider the following nonexclusive factors:

(1)  the time and labor required;
(2)  the novelty and difficulty of the questions;
(3)  the skill requisite to . . . perform the legal service [properly];
(4)  the preclusion of other employment by the attorney due to acceptance of the case;
(5)  the customary fee;
(6)  whether the fee is fixed or contingent;
(7)  time limitations imposed by the client or the circumstances;
(8)  the amount involved and the results obtained;
(9)  the experience, reputation, and ability of the attorneys;
(10) the "undesirability" of the case;
(11) the nature and length of the professional relationship with the client; and
(12) awards in similar cases.

4

Daly v. Hill, 790 F.2d 1071, 1075 n.2 (4th Cir. 1986). Defendant requests $200,765.00, which represents total costs incurred from Plaintiff's filing the complaint on January 12, 2004, until dismissal of the action on August 18, 2005. Defendant subtracted costs that were not related to Plaintiff's claim (presumably costs incurred for Defendant's counterclaim).

Plaintiff argues against the reasonableness of this amount. Plaintiff's relevant arguments include the following: (1) a $250 per hour billing rate is unreasonable; (2) the legal issues present were not novel or difficult; (3) the Defendant's attorneys offered "at best a mediocre work product" (Pl.'s Resp. Def.'s Pet. Att'y's Fees at 14); and (4) Defendant and its attorneys have no special long-term relationship.

The court finds Defendant incurred extra and unnecessary "time and labor" because of Plaintiff's conduct, although the legal issues present and skill required were not unusual for trademark and copyright claims. Furthermore, the total fee charged is reasonable, especially given the two-year history of this case, and nothing suggests Defendant's counsel has a bad reputation or lacks sufficient legal ability to handle the case. Moreover, Defendant's attorneys handled multiple extraneous matters caused by Plaintiff's behavior, which is certainly "undesirable," and Defendant did secure a dismissal with prejudice, a result that is nearly equivalent to winning on the merits. This case's circumstances show Defendant's counsel to be

5

competent, this case was undesirable, and Defendant achieved a favorable result.

However, the court found that nothing shows Plaintiff commenced this case in bad faith or without reasonable grounds. Only some of Plaintiff's pretrial conduct justifies the award, and the court cannot fairly attribute all costs to Plaintiff. Thus, the court finds the best method to award fees is that each party will share Defendant's costs.

Thus, for the reasons stated above,

IT IS ORDERED that Defendant Woodstock Copperworks, Ltd. is awarded attorney's fees pursuant to 17 U.S.C. § 505 and 15 U.S.C. § 1117(a) in the amount of $100,382.50.

This the 8th day of February 2006.

                                                                      United States District Judge